IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO.: |
| | : | 2:14-CR-00025-RWS-JCF |
| LAMICHAEL | : | |
| JONTAVIOUS LENZY | : | |

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant's Motion To Withdraw His Guilty Plea And Dismiss Count 2 Of The Indictment.  (Doc. 61).  For the reasons discussed below, it is **RECOMMENDED** that Defendant's motion be **DENIED**.

## Procedural History

A Superseding Indictment filed on July 1, 2014 charges Defendant LaMichael Jontaivious Lenzy and his co-defendant Frederick Fitzgerald Hinton with robbery in violation of the Hobbs Act, 18 U.S.C. § 1951(a) (Count 1) and with brandishing a firearm in the commission of the robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2).  On June 26 2015, before District Judge Richard W. Story, Defendant changed his plea and entered a plea of guilty as to both counts of the indictment.  On that same day, the United States Supreme Court decided *Johnson v. U.S.*, 135 S.Ct. 2551 (2015), invalidating a separate but similar portion of the statute upon which Count 2 of the indictment in this case is based. Defendant filed this motion to withdraw his guilty plea as to Count 2 and to have

1

Count 2 dismissed on September 15, 2015.  (Doc. 61).  The Government filed a

response to the motion on November 23, 2015 (Doc. 64) and Defendant submitted

a reply brief on December 11, 2015 (Doc. 66).  With briefing now complete, the

undersigned considers the merits of Defendant's motions.

### Discussion

After pleading guilty, but before sentencing, Defendant filed this motion

seeking to withdraw his guilty plea as to Count 2 of the indictment which charged

him with brandishing firearms while committing the robbery described in Count 1

brought pursuant to 18 U.S.C. § 1951 (referred to as a "Hobbs Act robbery").  (*See*

*generally* Doc. 61).  A defendant may withdraw a guilty plea before sentencing if

he "can show a fair and just reason for requesting the withdrawal."  FED. R. CRIM

P. 11(d)(2)(B).  To determine if the defendant has met this burden the Court looks

to "the totality of the circumstances surrounding the plea."  *United States v.*

*Buckles*, 843 F.2d 469, 471-472 (11th Cir. 1988).

The Superseding Indictment charges the Defendant as follows:

Count 1
On or about November 9, 2013, in the Northern District of Georgia,
the defendants, FREDERICK FITZGERALD HINTON and
LAMICHAEL JONTAVIOUS LENZY, aided and abetted by each
other, did obstruct, delay, and affect commerce and the movement of
articles and commodities in commerce, by means of robbery, as
defined in Title 18, United States Code, Section 1951(b)(1), that is,
the defendants did unlawfully take money and property belonging to
Mary's BP, 1406 Jackson Trail Road, Jefferson, Georgia, from the
person and presence of A.D. against his will, by means of actual and

2

threatened force, violence and fear of injury by the use of firearms and by pistol whipping A.D., in violation of Title 18, United States Code, Sections 1951(a) and 2.

Count 2

On or about November 9, 2013, in the Northern District of Georgia, the defendants, FREDERICK FITZGERALD HINTON and LAMICHAEL JONTAVIOUS LENZY, aided and abetted by each other, during and in relation to a crime of violence for which said defendants could be prosecuted in a court of the United States, that is, the offense of obstructing, delaying, and affect commerce by means of robbery as charged in Count One of this Indictment, did use and carry firearms, that is, a .22 rifle and a semi-automatic pistol, and did brandish said firearms, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.

(Doc. 22 at 1-2).

Defendant argues that as a result of a recent Supreme Court case, Count 2 of the indictment was brought under a portion of a statute that should be considered constitutionally vague.   Count 2 is brought under 18 U.S.C. § 924(c) which provides for sentence enhancements for a person who, while committing any "crime of violence", "uses or carries a firearm" or "in furtherance any such crime, possesses a firearm."  18 U.S.C. § 924(c)(1)(A).  Under this section,

"the term 'crime of violence' means an offense that is a felony and—
(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
(B) that by its nature, involved a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

18 U.S.C. § 924(c)(3).  Therefore, for the second count of the indictment to allege a crime, Count 1 must be a felony and qualify under one of these two definitions of

a "crime of violence."   Subsection (A) is referred to as the "force clause," and subsection (B) is referred as the "residual clause."   *United States v. Standberry*, No. 2:15CR102-HEH, 2015 WL 5920008, at *4, n.8 (E.D. Vir. Oct. 9, 2015). There is no dispute that Count 1 is a felony; therefore Defendant to prevail on his motion must show that neither of these definitions applies.   Simply put, to win on this issue Defendant must succeed on both his argument that the Hobbs Act robbery of Count 1 is not considered a crime of violence under subsection (A), *and* that subsection (B) is unconstitutionally vague in light of *Johnson*.

### I.      Subsection A- The Force Clause

When examining a statute to determine if it qualifies as a "crime of violence" under § 924(c) "the court must answer ' "categorically"—that is, by reference to the elements of the offense, and not the actual facts of [the defendant's] conduct.' "   *United States v. Brenlow*, No. 1:15-cr-0034-SLB-SGC, 2015 WL 6452620, at *4 (N.D. Ala. Oct. 26, 2015) (citing *United States v. McGuire*, 706 F.3d 1333, 1336 (11th Cir. 2013)) (additional citations omitted). Under the categorical approach, the court looks solely to the elements of the statute to determine if the statute generally fits the definition of § 924.   *Descamps v. United States*, 133 S.Ct. 2276, 2283 (2013).   However, if the statute is "divisible" then the court can employ a modified-categorical approach, allowing it to consider other documents, such as the indictment, to determine if it meets the definition of

"crime of violence." *Id.* " '[T]he Hobbs Act is clearly a divisible statute as the language of the statute sets forth one of or more elements of the offense in the alternative.' " *Brenlow*, 2014 WL 645620, at *3 (citing *United States v. Mackie*, No. 3:14-CR-00183-MOC, 2015 WL 5732554, at *2 (W.D.N.C. Sept. 30, 2015)). Because the Hobbs Act sets out a number of alternative elements—allowing the Government to choose between robbery, extortion, etc.—the Court must look beyond the mere elements of the crime to determine whether it qualifies under § 924(c). *See id* at *3, *Mackie*, 2015 WL 5732554 at *2; *see also United States v. Estrella*, 758 F.3d 1239, 1245-47 (11th Cir. 2014). As explained in *Mackie*, a charge under the Hobbs Act

> can be pled in *at least* six ways under the language of the statute: (1) by robbery; (2) by extortion; (3) by attempting to so rob or extort; (4) by conspiring to so rob or extort; (5) by committing physical violence to any person or property in furtherance of a plan or purpose to so rob or extort; or (6) by threatening to commit physical violence to any person or property in furtherance of a plan or purpose to so rob or extort. 18 U.S.C. § 1951. Thus, Section 1951 is a divisible statute as to which the modified categorical approach is applicable.

2015 WL 5732554, at *3.

"Under a modified categorical approach the court may consider other documents, such as the indictment, and the Plea Agreement, to determine the precise alternative with which defendant has been charged." *Brenlow*, 2015 WL 6452620, at *4 (citing *United States v. Braun*, 801 F.3d 1301, 1304 (11th Cir. 2015)); *see also United States v. Church*, No. 1:15-CR-42-TLS, 2015 WL

7738032, at *5 (N.D. Ind. Dec. 1, 2015) (exploring the history of the categorical approach and explaining why the rationale behind its strict application to other statutes does not apply to Hobbs Act cases).  In *Church*, the court pointed out an important difference between cases like this one and others involving sentence enhancements based on previous convictions: the Court here is not evaluating a conviction where they may not have all the facts to.  *See* 2015 WL 7738032 at *5 ("the statute does not require a sentencing court to make a determination based on a *previous* conviction").  Since this is separate charged count based upon activity occurring contemporaneously with the commission of a crime, the facts of the underlying crime are readily available to the court and a potential jury.  Therefore, "[t]o prove a violation of 18 U.S.C. § 924(c)(1)(A), the government must show that the defendant: (1) carried a firearm; (2) committed all the acts necessary to be subject to punishment for a crime of violence: and (3) carried the gun during and in relation to that crime."  *Id.* (citing *United States v. Sandoval*, 347 F.3d 627, 633 (7th Cir. 2003)).

The Hobbs Act makes it punishable for anyone who "in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance

of a plan or purpose to do anything in violation of this section."   18 U.S.C. §

1951(a).  Under the act, robbery is defined as:

> the unlawful taking or obtaining of personal property from the person
> or in the presence of another, against his will, by means of actual or
> threatened force, or violence, or fear of injury, immediate or future, to
> his person or property, or property in his custody or possession, or the
> person or property of a relative or member of his family or of anyone
> in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).  As explained above, because the statute is divisible, the

Court may look to the indictment to determine what specific type of Hobbs Act

crime is being charged.

In this case, the indictment specifies that Lenzy is charged with a robbery

under the Hobbs Act and that multiple weapons were used in the commission of

the robbery.  (*See* Doc. 22).  Under the force clause, a charged crime is a "crime of

violence" if it "has as an element the use, attempted use, or threatened use of

physical force against the person or property of another."   18 U.S.C. §

924(c)(3)(A).  As defined under the Hobbs Act, robbery must be committed "by

means of actual or threatened force, or violence, or fear of injury, immediate or

future." 18 U.S.C. § 1951(b)(1).  This element meets the definition of the force

clause and, as a result, "[t]he law is firmly established that a Hobbs Act robbery is

a crime of violence under § 924(c)(3)(A)."  *Brenlow*, 2015 WL 6452620, at *4

(citing *United States v. Mendez*, 992 F.1488, 1491 (9th Cir. 1993)); *see also*

*Standberry*, 2015 WL 5920008, at * 5 ("This Court will therefore join other courts

7

in finding that Hobbs Act robbery contains as one of its elements the actual, attempted, or threatened use of physical force against the person or property of another, thereby constituting a crime of violence under § 924(c)(3)(A)."); *United States v. Hicks*, No. 11-289-1, 2014 WL 654603, at * 12 (E.D. Pa. Feb. 20, 2014), *aff'd*, 607 Fed. Appx.  206 (3d Cir. 2015) ("Robbery 'indisputably qualifies as a crime of violence' within the meaning of §924(c)").  Therefore, Count 1 of the indictment is a qualifying charge under § 924(c)(3)(A) and Count 2 is appropriate.[1]

## II.    Subsection B- The Residual Clause

Since the indictment satisfies the requirements of Subsection A it is not necessary for it to also satisfy Subsection B.  Therefore, the undersigned need not address Defendant's argument that, in light of *Johnson v. United States*, the residual clause of 924(c) is unconstitutionally vague.  *See Brenlow*, 2015 WL 6452620, at *5 (finding that a Hobbs Act robbery qualified under Subsection A and therefore it was not necessary to address whether Subsection B was

---

[1] Defendant argues that, to qualify under the force clause, the underlying crime Defendant is charged with, in this case a violation of the Hobbs Act, must inherently require that the defendant use "violent force."  (*See* Doc. 61 at 11).  However, the cases Defendant cites to are from other circuits and are over 10 years old.  The cases cited above make clear that the element of force or fear of injury which is part of a Hobbs Act robbery meets the requirements of the force clause.  As described above, it is well established that the Court is allowed to use the modified-categorical approach to determine under which theory the Government is asserting the Hobbs Act crime.  As additionally described above, it is well established that if the indictment indicates that the charge asserted is a Hobbs Act robbery, then it contains an element which meets the force clause of § 924(c)(3)(A).

unconstitutionally vague); *Standberry*, 2015 WL 59200008, at *7 ("Given the Court's finding that Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A), it will decline to venture onto the less firm terrain of § 924(c)(3)(B).").[2]  Even if the residual clause was found to be unconstitutionally vague, that does not mean that any charge brought under § 924(c) would be subject to dismissal.  As with the *Johnson* case itself where the court only invalidated the residual clause of § 924(e), the remaining definition, in this case the force clause definition of "crime of violence," could still serve as a basis for the charge.

## Summary

---

[2] It appears in the short time since the *Johnson* decision most courts faced with this issue have distinguished 924(c)(3)(B) from *Johnson* and the ACCA's residual clause by with differences such as: 924(c)(3)(B) does not include a list of named offenses preceding the residual clause; 924(c)(3)(B) has not had the long, sordid, confusing history of legal interpretation that the ACCA underwent; and 924(c)(3)(B) is based upon possession of a weapon during an underlying crime, the facts of which are readily available in the indictment, not enhanced sentence for past convictions, the facts of which may be lost (as with the ACCA).  *See e.g.*, *United States v. Green*, No. RDB-15-0526, 2016 WL 277982, at *5 (D. Md. Jan. 22, 2016); *United States v. Tsarnaev*, No. 13-10200-GAO, 2016 WL 184389, at *14 (D. Mass. Jan. 15, 2016); *United States v. Hubert*, No. 2:14cr457DAK, 2015 WL 9305672, at *9 (D. Utah Dec. 21, 2015); *United States v. Morgan*, No. 14-20610, 2015 WL 9463975, at *7-8 (E.D. Mich. Dec. 18, 2015); *United States v. Church*, No. 1:15-CR-42-TLS, 2015 WL 7738032, at *6 (N.D. Ind. Dec. 1, 2015). However, at least one court, which took the rationale behind *Johnson* and applied it to this residual clause, has found that the statute is unconstitutionally vague. *United Sates v. Edmundson*, No. PWG-13-15, 2015 WL 9582736, at *6 (D. Md. Dec. 30, 2015) (concluding "that the § 924(c) residual clause, 18 U.S.C. 924(c)(3)(B), [] is unconstitutionally vague" after finding that the force clause was not met by an underlying charge of conspiracy to commit robbery).

Because the Hobbs Act robbery charged in Count 1 meets the requirements of the force clause under 18 U.S.C. § 924(c)(3)(A) and because the government has alleged a gun was used in the commission of Count 1, then Count 2 is appropriate under the statute.  As a result, Defendant has not asserted any grounds to allow him to withdraw his guilty plea and has presented no reason why Count 2 should be dismissed.

For the reasons discussed above, it is **RECOMMENDED** that Defendant's Motion To Withdraw His Guilty Plea And Dismiss Count 2 Of The Indictment be **DENIED**.

**IT IS SO ORDERED, REPORTED AND RECOMMENDED** this <u>4th</u> day of <u>February</u>, 2016

 /s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge

.