# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| LAMICHAEL JONTAVIOUS LENZY, | : | CIVIL ACTION NO. |
| BOP Reg. # 66118-019, | : | 2:17-CV-81-RWS-JCF |
|     Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 2:14-CR-25-RWS-JCF-2 |
| | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
|     Respondent. | : | 28 U.S.C. § 2255 |

## **MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Movant, a federal prisoner, has filed a 28 U.S.C. § 2255 motion to vacate the 168-month sentence he received upon the entry of his guilty plea in this Court. (Doc. 87). Movant has not responded to Respondent's argument (*see* Doc. 90) that the § 2255 motion is time-barred.

## I. **Procedural History**

> On July 1, 2013, a federal grand jury sitting in the Northern District of Georgia returned a two-count superseding indictment, charging [Movant] and [his] co-defendant [] with robbery and use of a firearm during that robbery. (Doc. 22). On June 26, 2015, [Movant] entered a non-negotiated guilty plea to Counts One and Two. (Doc. 59-1). The Court sentenced [him] on March 24, 2016, to . . . a total sentence of 168 months. (Docs. 76-77). The Judgment and Commitment Order was entered on March 24, 2016. (Doc. 77). [Movant] did not file a direct appeal.

(Doc. 90 at 2).

Movant signed and filed his § 2255 motion on April 17, 2017. (Doc. 87 at 12). He raises one claim, alleging ineffective assistance of counsel for failing to file a timely notice of appeal. (*Id.* at 4). He asserts that he instructed counsel to file a notice of appeal, but instead received a letter on April 17, 2017, indicating that counsel did not believe an appeal was warranted. (Doc. 87-1 at 2; *see id.* at 7). But the letter is dated March 29, 2016, five days after Movant's judgment of conviction, and states:

> [W]e discussed your right to appeal. I do not believe an appeal is warranted in your case and it is my understanding based on our conversation you do not want to appeal the sentence. If I am incorrect, please let me know immediately as there is a time limit on our ability to file the appeal.

(*Id.* at 7).

## II. The § 2255 Motion Is Time-Barred.

A 28 U.S.C. § 2255 motion is governed by a one-year statute of limitations, which runs from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

2

Court and made retroactively applicable to cases on collateral review;

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Absent one of the circumstances set forth in subparagraphs two through four above — and there is no indication that any such circumstance exists here — the limitations period begins to run when a § 2255 movant's judgment of conviction becomes final.

Movant was sentenced on March 24, 2016, and his convictions became final under § 2255(f)(1) on April 7, 2016, at the close of the 14-day direct appeal window. *See* Fed. R. App. P. 4(b)(1); (Doc. 90 at 3). Movant thus had until April 7, 2017 to file a timely § 2255 motion, and he failed to do so. Unless equitable tolling applies or Movant is actually innocent of his crimes, his § 2255 motion is time-barred.

### A. Equitable Tolling

The Supreme Court has held that the applicable limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). But the Court has noted "that a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some

3

extraordinary circumstance stood in his way and prevented timely filing," although "[t]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Id.* at 649, 653 (citation and internal quotations omitted); *see Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) ("[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly. . . . [It] is available only when a [petitioner] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." (internal quotations omitted)); *Jones v. United States*, 304 F.3d 1035, 1039 (11th Cir. 2002) ("In the § 2255 context, equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." (internal quotations omitted)). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308. "To establish diligence, . . . [he] must present evidence showing reasonable efforts to timely file his action." *Dodd v. United States*, 365 F.3d 1273, 1282 (11th Cir. 2004). Movant has offered nothing to warrant equitable tolling here.

### B. Actual Innocence

And even if the limitations period has expired, "actual innocence, if proved,

4

serves as a gateway through which a petitioner may pass," although "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928, 1936 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). "To be credible," a "claim that constitutional error has caused the conviction of an innocent person" must be supported "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. To prevail on such a claim, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327; *see Bousley v. United States*, 523 U.S. 614, 623 (1998) (applying *Schlup* standard in guilty plea context: "Petitioner's [procedurally barred] claim may still be reviewed in this collateral proceeding if he can establish that the constitutional error in his plea colloquy has probably resulted in the conviction of one who is actually innocent" — if, that is, he can "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him" (internal quotations omitted)).

5

Movant has not presented any "new reliable evidence" that might support a claim of actual innocence. Despite his *pro se* status, his § 2255 motion, filed on April 17, 2017, although due no later than April 7, 2017, is untimely. *See Brandau v. Warden, FCC Coleman-Medium*, 476 Fed. Appx. 367, 369 (11th Cir. 2012) ("Although we liberally construe *pro se* filings, we nonetheless require that they comply with procedural rules, including applicable filing deadlines."); *see also Moton v. Cowart*, 631 F.3d 1337, 1340 n.2 (11th Cir. 2011) (same).

## III. Certificate Of Appealability

A federal prisoner must obtain a certificate of appealability (COA) before appealing the denial of a motion to vacate. 28 U.S.C. § 2255(d); 28 U.S.C. § 2253(c)(1)(B). A COA may issue only when the movant makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted). A movant need not "show he will ultimately succeed on appeal" because "[t]he question is the debatability of the underlying constitutional claim, not the resolution of that debate."

*Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 337, 342 (2003)).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (internal quotations omitted) (citing *Slack*, 529 U.S. at 484).

Although *Slack* involved an appeal from the denial of a 28 U.S.C. § 2254 petition, the same standard applies here. *See Jones v. United States*, 224 F.3d 1251, 1254 (11th Cir. 2000) (applying *Slack* standard in § 2255 case). Because jurists of reason would not find it debatable, and would agree, that Movant's § 2255 motion is untimely and that neither equitable tolling nor Movant's actual innocence allows review of the merits of his § 2255 claim, a certificate of appealability is not warranted here.

### IV. <u>Conclusion</u>

For the foregoing reasons, **IT IS RECOMMENDED** that Movant's § 2255 motion to vacate his sentence (Doc. 87) be **DISMISSED as time-barred** and that

7

Movant be **DENIED** a certificate of appealability.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED** this 2nd day of August, 2017.

    /s/ *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge

AO 72A
(Rev.8/82)